IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. CR-09-368-C |
| | ) | CIV-16-835-C |
| FRED DOUGLAS SMITH, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION AND ORDER

Defendant filed a pro se Motion seeking relief from his sentence pursuant to 28 U.S.C. § 2255 based on the Supreme Court's recent decision in Johnson v. United States, ___ U.S. ___, 135 S.Ct. 2551 (2015). The Court appointed counsel to assist Defendant; counsel filed a supplement to Defendant's § 2255 Motion, as well as Reply to Plaintiff's Response.

The parties are in agreement regarding the factual background: On December 15, 2009, Defendant was indicted on a single count of possession of a firearm after conviction of a felony in violation of 18 U.S.C. § 922(g). Defendant plead guilty to the Indictment. Prior to sentencing, the government filed notice seeking enhanced penalty under provisions of 18 U.S.C. § 924(e)(1), identifying three prior convictions. Defendant objected to the government's notice, specifically contesting the conviction for assault and battery upon an Office of Juvenile Affairs employee. The Court rejected those objections and sentenced Defendant, applying the Armed Career Criminal Act ("ACCA"). Defendant then appealed his sentence to the Tenth Circuit again arguing that his conviction for assault and battery upon an Office of Juvenile Affairs employee was not a violent felony under the ACCA.

Significant for the present action, while the case was on appeal Plaintiff stated in its briefing, "The defendant's conviction does not qualify under the force clause nor is it an enumerated crime." Brief of Plaintiff-Appellee, United States v. Smith, Case No. 10-6209 (10th Cir. March 28, 2011), Doc. No. 01018611523, p. 9. Plaintiff then expounded upon this statement, stating:

> This case implicates neither the force clause nor the enumerated crimes. As to the former, in [Curtis] Johnson v. United States, 130 S. Ct. 1265, 1271 (2010), the Supreme Court held that state assault-and-battery statutes that allow conviction by the slightest touching do not satisfy the force clause, which requires "violent force—that is, force capable of causing physical pain or injury to another person." Oklahoma's assault-and-battery statutes require only the slightest touching. Steele v. State, 778 P.2d 929, 931 (Okla. Crim. App. 1989). Thus, this is not a force-clause case.

Id. at 9 (footnote omitted). The application of the ACCA to Defendant's sentence was affirmed by the Tenth Circuit relying upon what is known as the residual clause of the ACCA.

In his Motion Defendant argues he is entitled to relief based on the Supreme Court's decision in Johnson. In Johnson, 135 S.Ct. at 2555-56, the Supreme Court invalidated the residual clause. Following Johnson, a prior felony only qualifies as a violent felony for ACCA purposes if it satisfies the force clause or one of the enumerated clauses. Defendant asserts that as a result of this decision, he no longer has three prior felony convictions which would trigger the ACCA. Specifically, Defendant argues that Plaintiff's disavowal of the force clause in the prior proceedings bars any argument of their applicability here. In Response, Plaintiff acknowledges that it made the statements attributed to it in the prior

2

proceedings but argues that those statements should not bar it from arguing now that the force clause does in fact apply and that Defendant's sentence under the ACCA is therefore proper.

After consideration of the arguments raised by the parties, the Court finds that the government is barred from arguing some other provision of the ACCA should apply. As Defendant notes, the Supreme Court has rejected a similar request by the government to change an earlier position in <u>Curtis Johnson v. United States</u>, 559 U.S. 133 (2010). There, the government requested remand for consideration of a different prong than it had relied on in the original proceeding before the district court. The Supreme Court rejected that request, stating "The Government did not keep this option alive because it disclaimed at sentencing any reliance upon the residual clause." <u>Id.</u> at 145. Plaintiff's position on the force clause was made clear in the earlier proceeding both before this Court and before the Tenth Circuit, – it specifically and unequivocally denied any reliance on the force clause. Thus the Court finds that the Supreme Court's determination in <u>Curtis Johnson</u> applies with equal force to the government's argument here. Additionally, a different judge in this district has tendered a thorough and well-reasoned opinion finding the government was barred from altering its position in a § 2255 Order. <u>See</u> <u>United States v. Kutz</u>, Case No. CR-10-217-F, (W. D. Okla. May 5, 2016), Doc. No. 86. There, Judge Friot noted that two factors weighed heavily in his determination that judicial estoppel should apply; that is, (1) that the positions were clearly inconsistent, and (2) the inconsistent position resulted in an unfair advantage or detriment because the petitioner lost the ability to obtain a ruling on the issue. <u>Id.</u> at 8-9. Here, the

government's positions are clearly inconsistent and by disavowing any argument of reliance on the force clause in the prior appeal of this matter Plaintiff prohibited Defendant from obtaining a ruling on whether or not those clauses would have applied.

Even absent any prior inconsistent argument by the government, the Court finds that the Tenth Circuit has made a definitive ruling on the issue in the prior appeal. The Tenth Circuit considered prior Oklahoma Court of Criminal Appeals rulings regarding Oklahoma's definition of assault. The Tenth Circuit recognized that the Oklahoma court acknowledged that even the slightest touching was sufficient to satisfy the force or violence element under the statute. The Tenth Circuit stated that under that interpretation "the statute clearly reaches behavior that does not 'ha[ve] as an element the use, attempted use, or threatened use of physical force against the person of another' as required for enhancement under 18 U.S.C. § 924(e)(2)(B)(i)." United States v. Smith, 652 F.3d 1244, 1246-47 (10th Cir. 2011). Thus, the Tenth Circuit rejected any suggestion that Defendant's conviction for assault and battery on an Office of Juvenile Affairs employee could constitute a violent felony under the force clause of the ACCA.

Accordingly, Defendant no longer has the required three prior offenses sufficient to trigger an enhancement of his sentence under the ACCA following the Supreme Court's ruling in Johnson. Therefore, Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set

Aside, or Correct Sentence by a Person in Federal Custody (Dkt. No. 71) is GRANTED. A new sentencing hearing will be set.

IT IS SO ORDERED this 16th day of December, 2016.

ROBIN J. CAUTHRON
United States District Judge